Patty GLANDON, Appellant,

v.

DAIMLER CHRYSLER CORP. and
Capitol City Chrysler–Nissan,
Inc., Respondents.

No. ED 83751.

Missouri Court of Appeals,
Eastern District,
Division One.

July 20, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 2004.

1. § 547.070, RSMo 2000, is unchanged from   the 1994 revision of that statute.

Kristin M. Liddle, Chicago, IL, Meghan J. Stephens, Liberty, MO, for Appellant.

Maureen A. McGlynn, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Patty Glandon (Glandon) appeals the trial court's denial of her petition for attorneys' fees. Glandon argues the trial court erred in denying her petition for attorneys' fees because she is entitled to payment under Section 2310(d)(2) of the Magnuson–Moss Warranty Act, 15 U.S.C. Section 2301 et seq. Because we lack jurisdiction to entertain this appeal, we dismiss the appeal.

Glandon purchased from Capitol City Chrysler–Nissan, Inc. (Capitol City) a 2002 Chrysler PT Cruiser on August 13, 2001 for $29,017.20. In consideration for the purchase of the vehicle, DaimlerChrysler Corporation (DaimlerChrysler) issued and supplied to Glandon a new vehicle warranty, which included three-year or 36,000–mile bumper-to-bumper coverage. Glandon also purchased an extended warranty at the time of purchase. From August 2001 to November 2002, Glandon tendered the vehicle to authorized repair facilities for repair approximately ten times due to defects with the engine, electrical system, and steering mechanism. Despite reasonable attempts to cure the defects, DaimlerChrysler and Capitol City were unable to repair the defects. Glandon filed her breach of warranty action against DaimlerChrysler and Capitol City on April 8, 2003. Counsel for DaimlerChrysler and Capitol City then scheduled a vehicle inspection, to determine the nature and extent of the problems complained of by Glandon. After the vehicle inspection, on June 19, 2003, DaimlerChrysler and Capitol City

offered to make the necessary repairs and to pay $6,500, including attorneys' fees.[1]

On June 30, 2003, counsel for Daimler-Chrysler and Capitol City sent written confirmation that the vehicle repairs would be performed at Capitol City Chrysler on July 9, 2003. This letter also asked about the status of the settlement offer, and requested dates for Glandon's deposition. However, Glandon did not bring her vehicle to Capitol City on July 9 for the scheduled repairs. Counsel for DaimlerChrysler and Capitol City asked several times for dates upon which to depose Glandon and her expert, but Glandon's counsel never responded. Accordingly, counsel for DaimlerChrysler and Capitol City unilaterally scheduled the depositions, with notice to Glandon's counsel. Neither Glandon, her expert, nor her attorney appeared for the depositions. DaimlerChrysler and Capitol City filed an offer of judgment on August 25, 2003 stating:

> COMES NOW Defendants Daimler-Chrysler Corporation and Capitol City Chrysler–Nissan, Inc., parties in this action defending claims asserted by Plaintiff, Patty Glandon, and hereby offers (sic), pursuant to Missouri Supreme Court Rule 77.04, to allow judgment to be taken against them on said claim in the amount of $6,500.00.

On August 29, 2003, Glandon accepted the offer of judgment, stating "Plaintiff hereby accepts the offer of judgment received pursuant to Rule 77. Please forward a draft immediately in the amount of $6,500.00." Glandon filed a motion to enter judgment, requesting the trial court to "enter judgment against both Defendants in the amount of $6,500.00." The trial court entered its judgment on September 9, 2003. DaimlerChrysler and Capitol City made payment in full on September 23, 2003 and filed a notice of satisfaction of judgment.

Subsequently, Glandon filed a petition for attorneys' fees pursuant to Section 2310(d)(2) of the Magnuson–Moss Warranty Act on September 30, 2003.[2] In response, DaimlerChrysler and Capitol City argued that attorneys' fees were included in the judgment they had already satisfied and that Glandon was not entitled to attorneys' fees. On October 16, 2003, the trial court denied Glandon's motion for additional attorneys' fees. Glandon filed her notice of appeal on October 31, 2003.

Initially, we must address the issue of this court's jurisdiction over Glandon's appeal. DaimlerChrysler and Capital City contend Glandon's notice of appeal was filed out of time and thus, divesting this court of jurisdiction. *American Family Mut. Ins. Co. v. Hart*, 41 S.W.3d 504, 508 (Mo.App. W.D.2001). DaimlerChrysler and Capital City assert that Glandon's petition for attorneys' fees did not operate as an authorized after-trial motion that ex-

---

**1.** The correspondence of June 19, 2003 states: "DaimlerChrysler Corporation is prepared to extend the following offer in regard to this vehicle; $6,500, which is inclusive of attorneys' fees and supervised repairs....Please confer with your client and contact me as soon as possible with your client's response to this offer."

**2.** Section 2310(d)(2) of the Magnuson–Moss Act provides:

If a consumer finally prevails in any action brought under paragraph (1) of this subsec-

tion, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of the cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such award of attorneys' fees would be inappropriate.

tended the trial court's jurisdiction over the case.

■ "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment with that time." Rule 75.01. Thus, a judgment becomes final thirty days after it is entered, unless an authorized after-trial motion operates to extend the time. Rule 81.05(a)(1). An authorized after-trial motion extends the time at which a judgment becomes final for up to ninety days. Rule 81.05(a)(2). An authorized after-trial motion is a motion for which the rules expressly provide. *State, Dept. of Labor & Indus. Relations v. Ron Woods Mechanical, Inc.*, 926 S.W.2d 537, 540 (Mo.App. W.D.1996). In *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993), the Missouri Supreme Court recognized six authorized after-trial motions expressly provided for by the rules:

1. Motion to dismiss without prejudice after the introduction of evidence at trial, pursuant to Rule 67.01.

2. Motion for directed verdict under Rule 72.01(a).

3. Motion for judgment notwithstanding the verdict under Rule 72.01(b).

4. Motion to amend the judgment pursuant to Rule 78.04 (formerly Rule 73.01(a)(5)).

5. Motion for relief from a judgment or order pursuant to Rule 74.06(a) and (b).

6. Motion for new trial under Rule 78.04.

■ Additionally, motions that operate as a motion for a new trial alleging errors of fact or law at the trial, such as motions for additur, are also authorized after-trial motions. *Massman Const. Co. v. Missouri Highway & Transp. Com'n*, 914 S.W.2d 801, 803 (Mo. banc 1996). Furthermore, there is a general tendency of courts to construe improperly titled or crudely fashioned after-trial motions liberally as motions for a new trial. *Id.*

■ Although the Missouri Supreme Court in *Massman Const. Co.* appeared to extend the categories of authorized after-trial to those motions provided for by rules or statutes and encourage finding improperly titled or crudely fashioned motions as motions for new trial, we find no authority to hold that the petition for attorneys' fees filed in this case is an authorized after-trial motion.

In *American Family Mut. Ins. Co.*, the Western District found that a motion for prejudgment interest pursuant to Section 408.040, RSMo 1994, following a consent judgment was not an authorized after-trial motion.[3] *American Family Mut. Ins. Co.*, 41 S.W.3d at 513. The court found that the motion for prejudgment interest did not fall within any of the enumerated in *Taylor*, did not operate as a motion for new trial, and could not be considered a motion to amend the judgment under Rule 73.01(a)(5) (now Rule 78.04). *Id.* This court has also determined that a motion for prejudgment interest pursuant to Sec-

---

**3.** Section 408.040.2 provides:

In tort action, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties, or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest, at the rate specified in subsection 1 of this section, shall be calculated from a date sixty days after the demand or offer was made, or from the date of the demand or offer was made, or from the date of the demand or offer was rejected without counter offer, whichever is earlier.

tion 408.040, RSMo 2000, following a jury verdict was not an authorized after-trial motion. *Anderson v. Shelter Mut. Ins. Co.*, 127 S.W.3d 698, 702 (Mo.App. E.D. 2004). Under the current state of the law, we are constrained to hold that Glandon's petition for attorneys' fees under Section 2310(d)(2) of the Magnuson–Moss Warranty Act was not an authorized after-trial motion.[4]

■ Because Glandon's petition for attorneys' fees did not qualify as an authorized after-trial motion that could extend the time beyond October 9, 2003, and the trial court did not rule on the motion until October 16, 2003, the September 9, 2003 judgment became final thirty days later on October 9, 2003, and no notice of appeal was filed within ten days of that date.[5] Thus, Glandon's October 31, 2003 notice of appeal was untimely.

Appeal dismissed.

GARY M. GAERTNER, SR., P.J. and MARY R. RUSSELL, J., concur.

■

4. We note in a separate case involving attorneys' fees under Magnuson–Moss Act, *Ort v. DaimlerChrysler Corp.*, 138 S.W.3d 777 (Mo. App. E.D. 2004), we found the plaintiffs' motion to reconsider the trial court's partial denial of plaintiffs' petition for attorneys' fees was an authorized after-trial motion. The facts of that case are substantially different. In that case, there was a jury verdict in favor of the plaintiffs. The trial court entered an interlocutory judgment until the issue of attorney's fees was decided. Thereafter, the trial court entered a judgment partially denying plaintiffs' petition for attorneys' fees and awarding the plaintiffs $5,000 in attorneys' fees on September 30, 2003. On October 15, 2003, the plaintiffs filed a motion to reconsider the award of attorneys' fees. The motion was denied and the plaintiffs filed their notice

of appeal on November 13, 2003. We found that although the motion to reconsider was not titled a "motion for a new trial," it nevertheless operated as a motion for a new trial to extend the time.

5. We note only parties aggrieved by a judgment have a right to appeal. Section 512.020, RSMo 2000. A judgment entered by consent of the parties is not a judicial determination of rights, but is a recital of an agreement and thus, is not appealable. *Nations v. Hoff*, 78 S.W.3d 222, 223 (Mo.App. E.D.2002). Because the notice of appeal was untimely, we need not determine whether Glandon was an aggrieved party by the consent judgment making it an appealable judgment.