**Vickie E. REDDEN, Plaintiff/Respondent,**

v.

**Damon H. REDDEN, Defendant/Appellant.**

#### No. ED 91828.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 24, 2009.

Michael Kielty, St. Charles, MO, for appellant.

Vickie Redden, St. Louis, MO, pro se.

NANNETTE A. BAKER, C.J.

Defendant Damon H. Redden (Appellant) filed a notice of appeal from a judgment entering a full order of protection in favor of Vickie E. Redden (Respondent). Because Appellant's notice of appeal is untimely, the appeal is dismissed.

■ On June 14, 2007, the trial court entered a full order of protection against Appellant. On May 29, 2008, Respondent filed a motion seeking a renewal of the order of protection under section 455.040, RSMo Cum.Supp. 2008. On July 3, 2008, the trial court entered a judgment renewing the full order of protection. On July 7, 2008, Appellant filed a motion for rehearing. The trial court held a hearing on the motion for rehearing and denied the motion on July 23, 2008. Appellant filed a notice of appeal to this Court on September 2, 2008.

■ This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch,* 192 S.W.3d 502 (Mo.App. E.D.2006). If a timely notice of appeal has not been filed, this Court is without jurisdiction to review the appeal and it must be dismissed. *Roberts Plaza II, LLC v. 4915 LLC,* 209 S.W.3d 535, 536 (Mo.App. E.D. 2006). Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

Here, the trial court entered its judgment on July 3, 2008. Appellant filed a motion for rehearing, which was denied on July 23, 2008. Pursuant to Rule 81.05(a)(2)(b), the judgment became final on Monday, August 4, 2008. Rule 44.01(a)(if the last day of the period of time falls on a Saturday, Sunday or a legal holiday, then the period runs to the next business day). Therefore, Appellant's notice of appeal was due on or before August 14, 2008. Appellant's notice of appeal, which was filed on September 2, 2008, is untimely.

■ This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant filed a response on February 23, 2009 in which he requests leave to file a late notice of appeal pursuant to Rule 81.07. Rule 81.07(a) provides that a special order granting leave to file a late notice of appeal may be allowed in a civil case "only upon motion with notice of adverse parties filed within six months from the date the judgment appealed from became final for purposes of appeal. . . ." The judgment in question became final on August 4, 2008. Therefore, the motion for late notice of appeal would have been due on or before February 4, 2009. Appellant's motion is untimely and is denied.

The appeal is dismissed for lack of a timely notice of appeal.

PATRICIA L. COHEN and
KENNETH M. ROMINES, JJ., concur.