

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| RICHARD BURTON, and<br>PATRICIA BURTON, | ) | No. ED98171 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Ellen H. Ribaudo |
| JANICE KLAUS, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 11, 2014 |

### Introduction

Richard and Patricia Burton ("the Burtons") appeal from the trial court's judgment awarding attorney fees to Janice Klaus ("Klaus"). On appeal, the Burtons claim that the trial court's judgment awarding attorney fees is invalid because the trial court lacked jurisdiction over the case when it entered its judgment. Because the Burtons did not preserve their challenge to the trial court's judgment and award of attorney fees for appeal, we dismiss the appeal.

### Factual and Procedural History

In June 2009, the Burtons entered into a residential sale contract with Klaus for the purchase of a home located in St. Louis County. Section 13 of the residential sale contract provided that, "[i]n the event of litigation between the parties, the prevailing party shall recover,

1

in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees."

In December 2010, the Burtons filed a petition in the Circuit Court of St. Louis County alleging breach of the residential sale contract, fraudulent misrepresentation, negligent misrepresentation, and violation of the Merchandising Practices Act. The petition requested judgment in the Burtons' favor as well as costs, expenses, and attorney fees. Klaus filed an answer to the Burtons' petition, which included a prayer for relief requesting that the petition be dismissed and that she be awarded attorney fees and costs pursuant to Section 13 of the residential sale contract. At the same time, Klaus filed a motion for summary judgment. In her suggestions in support of summary judgment, Klaus requested judgment as a matter of law as well as "10 days from the entry of judgment to file a Motion for Attorney Fees pursuant to Section 13 of the Residential Sale Contract."

On November 21, 2011, the trial court entered summary judgment in favor of Klaus on all counts ("November 21, 2011 Order and Judgment"). On December 15, 2011, Klaus filed "Defendant's Motion for Attorney Fees and Related Costs." Klaus's motion cited Section 13 of the residential sale contract and requested attorney fees and related costs in the amount of $28,607.55.

On February 24, 2012, the trial court entered a subsequent order and judgment awarding $12,000 in attorney fees plus $2,950.35 in costs to Klaus per the terms and conditions of the residential sale contract ("February 24, 2012 Order and Judgment").

On March 5, 2012, the Burtons filed their notice of appeal to this Court. The notice of appeal stated that the Burtons were appealing the November 21, 2011 Order and Judgment, the trial court's entry of summary judgment. The Burtons described their case on appeal as an

appeal of the trial court's award of summary judgment on the basis that the trial court erroneously characterized questions of fact as questions of law.

On June 5, 2012, this Court issued the Burtons an Order to Show Cause for filing their notice of appeal out of time. In the Order to Show Cause, this Court stated that the trial court entered its judgment on November 21, 2011, and further noted that the motion for attorney fees filed by Klaus was not an authorized after-trial motion. As a result, per Rules 81.04(a)[1] and 81.05(a), the judgment of November 21, 2011 became final on December 21, 2011, and the Burtons' notice of appeal was due 10 days later, or January 3, 2012. The Order to Show Cause further stated: "The notice of appeal would be timely as to the February 24, 2012 judgment awarding attorneys' fees, but Appellant does not appear to be appealing it." We then instructed the Burtons to show cause as to why the appeal should not be dismissed for lack of a timely notice of appeal.

In their response to this Court's Order to Show Cause, the Burtons maintained that the November 21, 2011 Order and Judgment was not a final appealable judgment because the Order and Judgment did not adjudicate Klaus's claim or right to attorney fees. The Burtons claimed that the trial court's November 21, 2011 Order and Judgment did not become a final judgment for purposes of appeal until amended by the trial court in its February 24, 2012 Order and Judgment. The Burtons argued that Klaus's motion for attorney fees actually operated as a motion to amend the judgment or motion for new trial, two of the six after-trial motions permitted by Rule 78.04 that extend the time at which the trial court's judgment becomes final to 90 days for purposes of filing a notice of appeal. In further support of their argument, the Burtons claimed the November 21, 2011 Order and Judgment was not a final judgment because, under Rule 74.01(b), any order that adjudicates fewer than all of the claims or rights and

---

[1] All rule references are to Mo. R. Civ. P. (2012).

3

liabilities of the parties does not terminate the action. The Burtons alleged that Klaus's prayer for relief in her answer, which requested attorney fees, was essentially a counterclaim that was not adjudicated by the November 21, 2011 Order and Judgment.

On June 11, 2013, this Court entered an Order stating that the question of our jurisdiction over the appeal would be taken with the case. In that Order, this Court again stated that Klaus's motion for attorney fees was not an authorized after-trial motion that would extend the time for filing a notice of appeal, citing Glandon v. Daimler Chrysler Corp., 142 S.W.3d 174, 178 (Mo. App. E.D. 2004). As a result, the Burtons were required to file their notice of appeal from the trial court's entry of summary judgment no later than January 3, 2012, which they failed to do. We further rejected the Burtons' claim that the November 21, 2011 Judgment was not final for purposes of appeal because Klaus's prayer for relief in her Answer was in fact a counterclaim that was not disposed of by the trial court. However, this Court also stated that the Burtons "claim to be aggrieved by the judgment of February 24, 2012. We shall consider the notice of appeal filed on March 5, 2012 timely as to that judgment." We then directed the Burtons to submit their appellate brief by August 9, 2013.

Point on Appeal

In their only point on appeal, the Burtons argue that the trial court's February 24, 2012 Order and Judgment awarding attorney fees and costs is invalid because the trial court lacked jurisdiction to enter further orders in the case after its November 21, 2011 Order and Judgment became final on December 21, 2011.[2]

---

[2] In their response to this Court's Order to Show Cause for filing a late notice of appeal, the Burtons argued that the trial court's November 21, 2011 Order and Judgment was not final until the trial court entered its February 24, 2012 Order and Judgment awarding attorney fees. The Burtons now argue just the opposite – that the November 21, 2011 Order and Judgment was a final judgment, and therefore the trial court erred in entering its February 24, 2012 Order and Judgment.

Discussion

Initially, we must *sua sponte* consider this Court's authority to review the Burtons' appeal. St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc., 272 S.W.3d 504, 505 (Mo. App. E.D. 2008). Generally, under Rule 81.04(a), a notice of appeal must be filed no later than 10 days after a judgment becomes final. Rule 81.04(a). A judgment becomes final 30 days after its entry if no timely, authorized after-trial motion is final. Rule 81.05(a)(1). However, if a party files an authorized after-trial motion, the time at which a judgment becomes final – for purposes of ascertaining the time within which an appeal may be taken – is extended for up to 90 days. Rule 81.05(a)(2). The Missouri Supreme Court has recognized six authorized after-trial motions:

1. Motion to dismiss without prejudice after the introduction of evidence at trial, pursuant to Rule 67.01.
2. Motion for directed verdict under Rule 72.01(a).
3. Motion for judgment notwithstanding the verdict under Rule 72.01(b).
4. Motion to amend the judgment pursuant to Rule 78.04 (formerly Rule 73.01(a)(5)).
5. Motion for relief from a judgment or order pursuant to Rule 74.06(a) and (b).
6. Motion for new trial under Rule 78.04.

Glandon, 142 S.W.3d at 177 (citing Taylor v. United Parcel Service, Inc., 854 S.W.2d 390, 392 (Mo. banc 1993)).

In Glandon, this Court held that a petition for attorney fees is not an authorized after-trial motion that serves to extend the time period for filing a notice of appeal. Id. at 178. Based on Glandon, this Court previously held that Klaus's motion for attorney fees was not an authorized after-trial motion for purposes of extending the time period for appeal. Because the motion for attorney fees did not extend the time for appeal, the trial court's entry of summary judgment on November 21, 2011, became final on December 21, 2011. The Burtons then had 10 days to file their notice of appeal. Because the Burtons did not file their notice of appeal until March 5,

5

2012, they failed to meet the requirements of Rule 81.04(a) and their notice of appeal was untimely. We see no reason to digress from this Court's earlier ruling and Order.

Although Burton's notice of appeal was held to be untimely as to the trial court's November 21, 2011 entry of summary judgment, we stated in our Order of June 11, 2013 that because the Burtons claimed to be aggrieved by the February 24, 2012 judgment awarding attorney fees, we "shall consider the notice of appeal filed on March 5, 2012 timely as to that judgment."

While the Burtons' notice of appeal was deemed *timely* as to the trial court's judgment awarding attorney fees, substantive deficiencies in the notice nevertheless require our dismissal of the appeal. Rule 81.08(a) requires that a notice of appeal specify the judgment or order appealed from. Rule 81.08(a); Schrader v. QuikTrip Corp., 292 S.W.3d 453, 456 (Mo. App. E.D. 2009). Our review on appeal is confined to a review of the decision identified in the notice of appeal. Maskill v. Cummins, 397 S.W.3d 27, 32 (Mo. App. W.D. 2013).

Here, the Burtons' notice of appeal specifically states that they appeal from the judgment entered on November 21, 2011 – the trial court's entry of summary judgment. Moreover, the civil case information form filed with the notice of appeal further provides:

> Plaintiffs appeal the trial court's award of summary judgment on their breach of contract, negligent misrepresentation, fraudulent misrepresentation and MMPA claims on the basis that the trial court erroneously characterized questions of fact that should have been left for the jury as questions of law and erroneously entered summary judgment in favor of Defendant.

The Burtons clearly described the issue to be raised on appeal – that "the trial court erroneously characterized questions of fact that should have been left for the jury as questions of law and erroneously entered summary judgment in favor of Defendant." The notice of appeal is

6

expressly limited to the substantive issues relating to the grant of summary judgment. Nowhere in the notice of appeal do the Burtons raise the issue of the trial court's award of attorney fees.[3]

Because the notice of appeal only refers to the November 21, 2011 Order and Judgment granting summary judgment to Klaus, this Court is precluded from reviewing matters outside of that judgment, including the February 24, 2012 Order and Judgment awarding attorney fees to Klaus. See Schrader, 292 S.W.3d at 456 (where notice of appeal only referred to trial court's entry of summary judgment and not subsequent dismissal of another claim, Court of Appeals was limited to a review of the entry of summary judgment); Erickson, 797 S.W.2d at 858 (Court of Appeals was confined to reviewing judgment referred to in notice of appeal); Sutton v. Schwartz, 808 S.W.2d 15, 23 (Mo. App. E.D. 1991) (Court of Appeals lacked jurisdiction to consider issue of attorney fees when appellant's notice of appeal said she was appealing from a different trial court order that did not address attorney fees). And, as this Court has previously concluded, the notice of appeal is untimely as to the November 21, 2011 Order and Judgment. Accordingly, the appeal is dismissed.

## Conclusion

Because the Burtons' notice of appeal is limited to issues relating only to the trial court's entry of summary judgment, they have not preserved the issue of the trial court's award of attorney fees for this Court's review. The appeal is dismissed.

_____
Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs

---

[3] We also note that this Court's Order of June 5, 2012, stated the Burtons do "not appear to be appealing" the February 24, 2012 Order and Judgment awarding attorney fees. At that point, pursuant to Rule 81.07(a), the Burtons could have filed a motion with this Court to file a late notice of appeal in order to appeal the issue of attorney fees. However, the Burtons failed to do so. See Erickson v. Pulitzer Pub. Co., 797 S.W.2d 853, 858–59 (Mo. App. E.D. 1990).

7