

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

JEAN-ROBERT NAST by and through
his guardian JAN FREEMAN,

      Plaintiff/Respondent,

vs.

GATEWAY AMBULANCE
SERVICE, LLC, et al.,

      Defendants/Respondents.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON,

      Proposed Intervenor/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ED103102

Appeal from the Circuit Court
of the City of St. Louis

Honorable Michael F. Stelzer

FILED: July 26, 2016

Certain Underwriters at Lloyd's, London, Beazley Underwriting, Ltd. ("Appellant")

appeals from the trial court's denial of Appellant's oral motion to intervene and the trial court's

denial of Appellant's Renewed Motion to Intervene and Motion to Set Aside Judgment and

Motion for New Trial. We affirm in part and dismiss in part.

## I. BACKGROUND

This appeal arises from a personal injury lawsuit filed by plaintiff Jean-Robert Nast

("Respondent") based on injuries he sustained when he was transported on July 1, 2011, by a

private and licensed ambulance service, defendant PROCARENT d/b/a Gateway Ambulance

Service, LLC, ("Gateway"), from St. Louis University Hospital to his residence in the City of St. Louis. Respondent's Petition, filed April 24, 2014, asserted claims of negligence, medical negligence and res ipsa loquitur against Gateway and its two Emergency Medical Technicians, as well as Petre Construction, which was retained to install a lift and patio at Respondent's residence.[1] Gateway was insured by Appellant with a $1 million limit of liability.

Gateway entered into an agreement with Respondent, paying $100,000 to Respondent and making certain agreements as to its further conduct in the litigation, including the assignment of its bad faith claims against Appellant. A bench trial on damages then took place on June 8, 2015. Prior to the commencement of the bench trial, Appellant made an oral motion to intervene and for a continuance, which request was orally denied. On June 9, 2015, an Order and Final Judgment was entered by the trial court awarding Respondent $24,131,336 in damages and prejudgment interest in the amount of $784,268.

On June 9, 2015, Respondent filed an equitable garnishment and bad faith refusal to settle claim against Appellant, and on July 20, 2015, Appellant filed an answer and affirmative defenses, claiming Gateway breached its contractual duty to cooperate and duty to act in good faith by entering into the Section 537.065 agreement, and otherwise failed to comply with the terms of the policy, and that Appellant does not have to pay any portion of the judgment.

Appellant filed two notices of appeal in this case. First, on June 18, 2015, Appellant filed a Notice of Appeal from the trial court's oral denial of Appellant's oral motion to intervene on June 8, 2015. On July 7, 2015, Appellant filed a Renewed Motion to Intervene, Motion to Set Aside the Judgment and Motion for New Trial with the trial court. The trial court denied this

---

[1] On August 20, 2014, Petre Construction was dismissed with prejudice from the action pursuant to settlement.

2

Renewed Motion on August 27, 2015, stating it no longer had jurisdiction over the Renewed Motion under Rule 75.01.

Appellant filed a second Notice of Appeal on September 8, 2015, seeking review of the trial court's August 27, 2015 Order denying the Renewed Motion and of the trial court's substantive June 9, 2015 Judgment. Respondent filed a Motion to Dismiss Appellant's second appeal based on a lack of jurisdiction. Appellant filed a Motion to Consolidate the appeals, which this Court granted on October 7, 2015. Respondent's Motion to Dismiss for lack of jurisdiction was taken with the appeal.

## II. DISCUSSION

Appellant alleges five points on appeal. Its first and second points allege the trial court erred in denying its renewed motion to intervene, first because the motion was timely filed and the court continued to have jurisdiction to consider the merits of the motion; and second, because Appellant has an interest in the subject matter of the action, disposition of the action in Appellant's absence may impede its ability to protect that interest, and Appellant's interest is not adequately represented by the existing parties. Appellant's fifth point additionally argues the trial court erred in denying its renewed motion to intervene as of right because the denial deprived Appellant of its right to its due process protected by Article I, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the U.S. Constitution.

In its third point, Appellant contends the trial court erred in denying Appellant's oral motion to intervene because Appellant has an interest in the subject matter of the action, disposition of the action in Appellant's absence may impede its ability to protect that interest, and Appellant's interest is not adequately represented by the existing parties, in that Appellant accepted coverage and provided an unconditional defense regarding Nast's claim, Appellant had

3

always defended its insured and the Insured had accepted that defense, and under the Section 537.065 agreement, the Insured had agreed not to contest liability and damages in the uncontested trial of Nast's claim, thereby improperly preventing Appellant from exercising its right to defend the claim against its insured, and resulting in a judgment of more than $24 million.

In its fourth point, Appellant alleges the trial court erred in denying its intervention and approving the Section 537.065 agreement as a basis for doing so, because the agreement improperly denied Appellant its contractual right to defend the claim against the Insured, in that Appellant provided the Insured an unqualified defense of the claim against the Insured, and an insured cannot enter into a Section 537.065 agreement that includes an agreement not to defend unless an insurer has forfeited its right to control the defense and settlement of the litigation, and Appellant never forfeited its right to control the defense of the claim against the Insured.

We first take up Appellant's challenge to the denial of its first oral motion to intervene in Point III. On the morning of June 8, 2015, counsel appeared at a hearing and made an oral motion to intervene, which was denied. On June 9, 2015, the trial court entered a final judgment on the merits approving the parties' settlement. On June 18, 2016, Appellant filed his notice of appeal.

Rule 52.12(c), which governs intervention, states:

> (**c**) **Procedure.** A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

Appellant filed no written motion or pleading and wholly failed to comply with the procedure outlined in Rule 52.12(c). We cannot convict the trial court of error for denying an oral motion

4

that does not comply with the requirements of the Rules.[2]  Point denied.  The trial court's denial

of the Motion to Intervene of June 8, 2015, is affirmed.

Next, we take up Appellant's challenge to its written motion for intervention, which was

filed on July 7, 2015, and denied on August 27, 2015.  Appellant filed a separate notice of appeal

from this decision on September 8, 2015.  But, before reaching the merits of Appellant's appeal,

we take up Respondent's motion to dismiss for lack of jurisdiction.  Repondent's motion to

dismiss has merit for two reasons.  First, there is no final judgment that complies with Rule

74.01(a).[3]  "Unless the order is denominated a 'judgment' in some document signed by the court

it is not a judgment for purposes of appeal."  Sarasohn & Co., Inc. v. Prestige Hotels Corp., 945

S.W.2d 13, 17 (Mo. App. E.D. 1997) (citing Chambers, 943 S.W.2d 863; Linzenni v. Hoffman,

937 S.W.2d 723 (Mo. banc 1997); In re Marriage of Berger, 931 S.W.2d 216 (Mo. App. S.D.

1996); Kessinger v. Kessinger, 935 S.W.2d 347 (Mo. App. S.D. 1996)).  A final judgment is a

prerequisite to appellate review.  Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc

2012).  If the circuit court's judgment was not a final judgment, then the appeal must be

dismissed.  Id.  Nothing in the trial court's August 27, 2015 Order indicates the court's

determination that it lacked subject matter jurisdiction was a "judgment."  Thus, the August 27,

---

[2] In light of the Missouri Supreme Court's recent decision in State ex rel. Koster v. ConocoPhilips Co., No. SC 95444, 2016 WL3554339, at *3 (Mo. banc June 28, 2016), __ S.W.3d __, Appellant may only appeal from the June 9, 2016 judgment because that judgment incorporates all prior orders including the denial of the motion to intervene.
[3] Rule 74.01(a) provides what action by the trial court constitutes a judgment.

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.  The judgment may be a separate document or entry on the docket sheet of the case.

Under the rule, "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed."  Chambers v. Easter Fence Co., Inc., 943 S.W.2d 863, 865 (Mo. App. E.D. 1997).

2015 Order suffers from the same defect under Rule 74.01 as the trial court's oral denial of Appellant's Motion to Intervene.

Secondly, and more importantly, even if the August 27, 2015 Order had been denominated a judgment, this court lacks jurisdiction to review the Order. The decision of the Order was that the trial court itself had lost jurisdiction pursuant to Rule 75.01 over the Renewed Motion to Intervene.

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgment within that time." Rule 75.01. If no timely, "authorized after-trial motion" is filed within that thirty-day period, the judgment becomes final and the trial court is without jurisdiction to amend it or make new substantive rulings. Burton v. Klaus, 455 S.W.3d 9, 12 (Mo. App. E.D. 2014). Missouri law recognizes six "authorized after-trial motions" that would potentially extend the trial court's jurisdiction beyond thirty days, and a Motion to Intervene is not one of them. Id. Further, Appellant was not a party to the case thirty days after the initial judgment, so it had no right to request a new trial or to request the judgment be set aside.

Our jurisdiction to hear an appeal is predicated on the trial court's jurisdiction over the matter at hand. Roach Law Firm v. Beilenson, 224 S.W.3d 57, 60 (Mo. App. E.D. 2007); Peasel v. Dunakey, 279 S.W.3d 543, 545 (Mo. App. E.D. 2009). The initial judgment was entered on June 9, 2015, and the trial court had not ruled on Appellant's Motion to Intervene by July 9, 2015. As the trial court correctly found that it lost jurisdiction to hear the Motion to Intervene thirty days after the judgment, we do not have jurisdiction to hear the appeal. The appeal is dimissed.

6

### III. CONCLUSION

The trial court's denial of the Motion to Intervene of June 8, 2015, is affirmed. The appeal from the August 27, 2015 Order denying the motion of July 7, 2015, is dismissed for lack of jurisdiction.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs.
Mary K. Hoff, J., concurs.

7