ATTORNEY FOR APPELLANT: Robert Norman Hamilton, John R. Fenley, Co-Counsel, 2016 South Big Bend Blvd., St. Louis, MO 63117, REINKER, HAMILTON & PIPER, LLC.
ATTORNEY FOR RESPONDENT: Christy R. Stephan, Pro Se, 810 Point Drive, St. Louis, MO 63125.
Mary K. Hoff, Judge *55 C.M.H. ("Father") appeals from the trial court's judgment granting a full order of child protection ("Full Order of Protection") against him. We dismiss this appeal as untimely.
Factual and Procedural Background
Father and C.R.S. ("Mother") were married in 2000, and two children were born of the marriage, a son and a daughter ("Daughter"). On August 24, 2012, Mother and Father dissolved their marriage in the Circuit Court of Jefferson County, and the dissolution court granted them joint custody of their children. Thereafter, Father moved to Fort Worth, Texas.
On May 18, 2015, while Daughter was at Father's home in Texas, Father committed an act of domestic violence against Daughter, causing her to suffer from a concussion, lacerations to various parts of her body, and contusions to her head, chest wall, and rib cage. After receiving medical treatment, Daughter obtained a flight back to Missouri the following day to reunite with Mother.
On July 2, 2015, Mother filed an ex parte petition for an order of protection against Father on behalf of her children in the Circuit Court of St. Louis County, where the children resided. The court granted an ex parte order of protection the same day, setting a hearing for a full order of protection for July 16, 2015. Father received service of the ex parte order in Texas on July 7, 2015, but he did not appear at the July 16 hearing.
At the hearing, Mother testified that when Daughter last saw Father on May 18, 2015, Father repeatedly punched Daughter, kicked her, and threw her into a bathtub, causing her to strike her head and lose consciousness before reawakening and sneaking out of the house. Based upon Mother's testimony, the court determined that Mother had proved the allegations of domestic violence in the Petition and, on July 16, 2015, entered its Full Order of Protection preventing Father from contacting or communicating with the children. The court also granted Mother sole custody of the children and child support. The court further granted an automatic one-year renewal of the Full Order of Protection effective July 15, 2016, pursuant to Section 455.516.[1]
Father did not file an appeal from this final judgment of July 16, 2015. Additionally, Father did not request a hearing contesting the automatic renewal of the Full Order of Protection under Section 455.516, and therefore, the Full Order of Protection renewed on July 15, 2016. On July 20, 2016, Father filed his "Motion to Dismiss for Lack of Jurisdiction" ("Motion"). On November 10, 2016, Father filed an amended motion to dismiss, or in the alternative to amend and vacate the child support obligation of the Full Order of Protection ("Amended Motion"). On November 30, 2016 the trial court denied Father's Amended Motion.
Thereafter, Father filed a notice of appeal on December 9, 2016, stating that he appeals from the Full Order of Protection dated July 16, 2015 contesting the child support ordered therein. After Father filed *56 this appeal, the Full Order of Protection expired on July 15, 2017.
Standard of Review
In a court-tried case, "we must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." Cima v. Fansler, 345 S.W.3d 875, 877 (Mo. App. W.D. 2011) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976) ). We "view the facts and reasonable inferences in a light most favorable to the judgment and must defer to the trial court's determination of witness credibility." Id. (citing In the Interest of S.J.H., 124 S.W.3d 63, 66 (Mo. App. W.D. 2004) ).
Discussion
Father raises three points on appeal. However, before we may consider the merits of Father's appeal, "we must sua sponte consider this Court's authority to review" it. Burton v. Klaus, 455 S.W.3d 9, 12 (Mo. App. E.D. 2014). "The time limits for filing a notice of appeal are mandatory." Twitty v. State, 322 S.W.3d 608, 610 (Mo. App. E.D. 2010). "If a notice of appeal is untimely filed, the appellate court may dismiss the matter." Id. Under Rule 81.04(a), "the notice of appeal must be filed no later than 10 days after the judgment becomes final." Redden v. Redden, 279 S.W.3d 240, 241 (Mo. App. E.D. 2009) ; and Rule 81.04(a). A judgment, in turn, "becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1).
"If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion." Redden, 279 S.W.3d at 241 ; and Rule 81.05(a)(2)(A). "If a trial court fails to rule on an authorized after-trial motion within this ninety-day [ ] period, then the motion is deemed overruled." Medlin v. RLC, Inc., 423 S.W.3d 276, 283 (Mo. App. S.D. 2014) ; Rules 78.06 and 81.05(a)(2)(A). "If an after-trial motion is overruled by operation of law, then the original judgment is final, valid, and enforceable." Medlin, 423 S.W.3d at 283.
In this case, the trial court first entered the Full Order of Protection on July 16, 2015. Since Father filed no after-trial motion within thirty days after entry of the Full Order of Protection, it became final on Monday, August 17, 2015. Rule 81.05(a)(1); Rule 44.01 (if last day of period of time falls on Saturday, Sunday, or legal holiday, the period runs to next business day). Father, therefore, was required to file his notice of appeal by August 27, 2015. Rule 81.04(a). Father, however, did not file his notice of appeal, which specifically identifies the Full Order of Protection dated July 16, 2015 as the judgment from which he appeals,[2] until December 9, 2016, more than one year outside the period within which he was permitted to do so. Father's appeal, therefore, is untimely.
Further, we note that Father did not request a hearing contesting the automatic renewal of the Full Order of Protection on July 16, 2016 under Section 455.516, and as a result, there was not a new judgment from which to appeal. As such, Father's Motion filed on July 20, 2016 and his Amended Motion filed on November 10, 2016, were untimely. That the trial court *57 ruled upon Father's Motion on November 30, 2016 is of no consequence because once the judgment became final, "any attempt by [the trial court] to continue to exhibit authority over the case ... is void." Schumacher v. Austin, 400 S.W.3d 364, 369 (Mo. App. W.D. 2013) (citing McLean v. First Horizon Home Loan, Corp., 369 S.W.3d 794, 800 (Mo. App. W.D. 2012) ).
Thus, since Father failed to timely file his notice of appeal from the July 16, 2015 Judgment, we dismiss his appeal as untimely.[3] ,[4]
Conclusion
The appeal is dismissed.
Colleen Dolan, Presiding Judge and Lisa S. Van Amburg, Judge, concur.

Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

"Our review on appeal is confined to a review of the decision identified in the notice of appeal." Burton, 455 S.W.3d at 12 (citing Maskill v. Cummins, 397 S.W.3d 27, 32 (Mo. App. W.D. 2013) ).

Due to this dismissal, we make no judgment regarding Father's points on appeal.

We decline to consider Father's motions under Rules 74.05(d) and 74.06 because these rules are neither referenced nor complied with in the motions, and they were filed in excess of a year after the final judgment was entered.