

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DEVELOPERS SURETY AND INDEMNITY
COMPANY,

Respondent,

v.

WOODS OF SOMERSET, LLC, ET AL.,

Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

WD77792

Opinion filed:  March 3, 2015

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**The Honorable James F. Kanatzer, Judge**

Before Division Two:  Anthony Rex Gabbert, Presiding, Judge,
Joseph M. Ellis, Judge and Karen King Mitchell, Judge

This case arises from claims brought by Developers Surety and Indemnity Company ("DSI") against Daniel Waldberg, Brenda Waldberg, Barney Ashner, Marlene Ashner, and Woods of Somerset, LLC ("Appellants") related to an indemnity agreement Appellants executed in order to obtain a payment bond from DSI for the development of a subdivision.  After an excavation company filed suit seeking payment for work that had been performed at the subdivision, DSI filed cross-claims and third-party claims against Appellants based upon the indemnity agreement, asserting that DSI was entitled to indemnification and specific performance of the indemnity agreement.

The trial court eventually entered judgment in favor of the Appellants on DSI's claims, concluding that the indemnity agreement was unenforceable because it was not properly executed and because there was no meeting of the minds. On appeal, this Court held that the indemnity agreement was unambiguous, valid, and enforceable. Accordingly, we reversed the judgment, and the cause was remanded to the trial court for entry of judgment in favor of DSI. *Woods of Somerset, LLC v. Developers Sur. & Indem. Co.*, 422 S.W.3d 330, 336 (Mo. App. W.D. 2013).

Shortly after our mandate was issued, on April 1, 2014, the trial court entered its Amended Judgment that simply stated:

> Pursuant to the opinion issued in Case Number WD75533 and WD75534, judgment is hereby ordered in favor of Developers Surety and Indemnity Company.
> **IT IS SO ORDERED.**

On April 23, 2014, DSI filed its Motion to Amend the Judgment, asking the trial court to amend its judgment to specify how much DSI was entitled to collect from Appellants.

On June 25, 2014, the trial court entered its Second Amended Judgment in favor of DSI and against Appellants, awarding $57,000.00 in damages and $144,000.00 in attorneys' fees and costs. The Appellants bring four points on appeal.

In their first point, Appellants contend that the trial court lacked any authority to enter its Second Amended Judgment because it was filed beyond the thirty days provided for in Rule 75.01. They argue that DSI's motion to amend was not an "authorized after-trial motion" that would serve to extend that time period.

"The trial court's authority to enter amended judgments is a question of law which we review *de novo*." *State ex rel. Missouri Parks Ass'n v. Missouri Dep't of Nat. Res.*, 316 S.W.3d 375, 381 (Mo. App. W.D. 2010). "Rule 75.01 provides that a trial

2

court retains control over its judgment during the thirty day period after it is entered 'and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.'" *In re Marriage of Noles*, 343 S.W.3d 2, 6 (Mo. App. S.D. 2011). "If no authorized after-trial motion is filed within that time period, the judgment becomes final thirty days after entry of the judgment." *Payne v. Markeson*, 414 S.W.3d 530, 536 (Mo. App. W.D. 2013). If a party timely files an authorized after-trial motion,[1] however, "Rule 81.05(a)(2)(A) permits the trial court up to ninety days from the date the motion was filed to rule upon the motion, after which the motion is deemed denied under Rule 78.06." *In re Marriage of Noles*, 343 S.W.3d at 6 (internal quotation omitted). This continued authority is limited to remediating matters raised in the motion. *Id*.

Contrary to Appellants' assertion on appeal, "[a] motion to amend, if filed within thirty days after judgment is entered, is an authorized after-trial motion that extends the circuit court's control over its judgment for up to 90 days from the date the motion was filed." *Hanna v. Hanna*, 446 S.W.3d 753, 755 (Mo. App. W.D. 2014); *Medlin v. RLC, Inc.*, 423 S.W.3d 276, 283 (Mo. App. S.D. 2014); *see also Payne*, 414 S.W.3d at 538 ("A 'motion to amend' filed pursuant to Rule 78.04 is an authorized after-trial motion."); *Dudley v. Southern Union Co.*, 261 S.W.3d 598, 601 (Mo. App. W.D. 2008) ("A motion to amend the judgment is an authorized post-trial motion."); *Buron v. Klaus*, 2014 WL 535781, at *2-3 (Mo. App. E.D. 2014) (noting that the Missouri Supreme Court has recognized that a motion to amend the judgment pursuant to Rule 78.04 is one of six "authorized after-trial motions" expressly provided for in the rules); *Glandon v.*

---

[1] "[A]n 'authorized after-trial motion' is a motion for which the rules expressly provide." *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n.1 (Mo. 1993); *see also Glandon v. DaimlerChrysler Corp.*, 142 S.W.3d 174, 177 (Mo. App. E.D. 2004).

3

***DaimlerChrysler Corp.***, 142 S.W.3d 174, 177 (Mo. App. E.D. 2004) (citing ***Taylor v. United Parcel Serv., Inc.***, 854 S.W.2d 390, 392 n.1 (Mo. banc 1993)).

Appellants' contention that DSI's motion cannot be deemed an "after-trial motion" because it was filed on remand following appeal, rather than immediately after trial, is wholly without merit. The trial court's initial judgment having been reversed, the first amended judgment was the judgment in this case. Rule 78.04 affords a party thirty days from the entry of judgment to file a motion to amend. ***Payne***, 414 S.W.3d at 536. Under Rule 78.04, it does not matter how long after trial the trial court enters judgment, merely that the motion to amend be filed within thirty days of the entry of the judgment. The purpose of the rule is to allow a party to point out errors or deficiencies in the current judgment and to afford the trial court an opportunity to correct the judgment through amendment. Appellant's motion to amend the first amended judgment was, most certainly, an authorized, timely-filed, after-trial motion upon which the trial court had ninety days to act. Point denied.

In their second point, Appellants claim that the trial court erred in awarding any attorney's fees to DSI because this Court's mandate did not reference attorney's fees and only allowed for an award of costs on appeal. Similarly, in their third point, Appellants contend that the trial court erred in awarding DSI reimbursement for the settlement amount paid to the excavation company because the mandate did not specify that DSI should be awarded reimbursement for such amounts and only provided for an award of costs on appeal. Appellants argue that this Court's mandate was specific, rather than general, and that, pursuant to this Court's opinion and mandate, the trial court could only declare that judgment was being entered in favor of DSI and could

4

not award DSI anything other than costs on appeal, which were specifically awarded by this Court to DSI in our mandate.

"The scope of the trial court's authority on remand is defined by our mandate," and "[t]he trial court must render judgment in accord with our mandate and opinion." *Gerken v. Sherman*, 351 S.W.3d 1, 6 (Mo. App. W.D. 2011). "The mandate communicates the judgment to the trial court, and the opinion, which is a part thereof, serves in an interpretative function." *Id*. (internal quotation omitted). "Thus, when determining its authority on remand, the trial court should be guided not only by the mandate, but also by the opinion and result contemplated by the appellate court." *Jenkins v. Jenkins*, 406 S.W.3d 919, 924 (Mo. App. W.D. 2013) (internal quotation omitted). "Whether the trial court followed the mandate is a question [of law] we review *de novo*." *Gerken*, 351 S.W.3d at 6.

"A remand may be one of two types: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Id*. "A general remand leaves all issues not conclusively decided open for consideration at the new trial." *Abt v. Mississippi Lime Co.*, 420 S.W.3d 689, 697 (Mo. App. E.D. 2014) (emphasis omitted). "On the other hand, where the mandate contains express instructions that direct the trial court to take a specified action, the court has no authority to deviate from those instructions." *Id*. Any act by the trial court that diverges from those instructions is void. *Gerken*, 351 S.W.3d at 6.

In our prior opinion, after holding that the trial court erred as a matter of law by concluding that the indemnity agreement was invalid, this Court declared, "The

5

judgment of the trial court is reversed, and the cause is remanded for entry of judgment in favor of DSI." ***Woods of Somerset***, 422 S.W.3d at 336. Our mandate, which was subsequently issued by the Clerk of this Court states, in its entirety:

> Now on this day the judgment is reversed, and the cause is remanded to the Circuit Court of Jackson County for further proceedings in conformity with the opinion of this Court. The Appellant shall recover against the Respondents the costs and charges herein expended, and shall have execution therefor.
> Opinion filed.

Appellants argue that, based upon the foregoing language from the mandate and the opinion, the trial court could do no more than declare that it was entering judgment in favor of DSI, as it did in its first amended judgment, and to award DSI its costs on appeal. They contend that, because "costs" do not include attorney's fees under Missouri case law, the trial court's award of attorney's fees improperly exceeded the scope of the mandate. They further claim that any award for reimbursement of settlement costs exceeded the scope of the mandate because they were not specifically mentioned therein.

Our mandate, reversing and remanding for further proceedings consistent with the opinion, is decidedly general. The opinion itself, however, contains a specific instruction that the trial court should enter judgment in favor of DSI. However, even assuming, *arguendo*, that the instruction for entry of judgment in our opinion rendered our mandate a specific one, on the record before us, we cannot conclude that the trial court's final judgment deviated from our instruction or otherwise failed to conform to our mandate.

The phrase "for entry of judgment in favor of DSI," contained in this Court's prior opinion, can only be understood in the context of the claims brought and the relief

6

requested in DSI's petition in the underlying action. In our opinion, we generally note that DSI's petition asserted claims for indemnity and specific performance, and we subsequently held that DSI was entitled to judgment in its favor. *Id*. at 333, 336. Thus, our opinion clearly contemplated the entry of a judgment in favor of DSI awarding some amount of indemnity and/or declaring rights and ordering specific performance of the indemnity agreement.

Whether the trial court's judgment exceeded the scope of indemnity and/or specific performance requested in the petition cannot be assessed by this Court on appeal because a copy of the petition has not been included in the record on appeal for our review. Accordingly, this Court cannot determine whether DSI's petition raised claims that would allow for reimbursement of attorney's fees and/or a declaration that DSI is entitled to indemnity for attorney's fees from Appellants. Likewise, we cannot know if DSI requested relief that would include indemnification for settlement costs and expenses and/or a declaration that DSI is entitled to indemnification by Appellants for such costs.

"This court's review is based only on the record on appeal." *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 357 (Mo. App. W.D. 2012) (internal quotation omitted). "Appellants bear the burden of supplying the appellate court with the record on appeal, and that record should contain 'all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision.'" *Belden v. Belden*, 389 S.W.3d 717, 720 n.3 (Mo. App. S.D. 2012) (quoting *Rule 81.12(a)* and citing *Rule 81.12(c)*). Where necessary materials are omitted from the record on appeal, the appellate court will assume that the

7

omitted items were unfavorable to the appellant and favorable to the respondent. *Id*. Accordingly, in the case at bar, this Court must assume that the relief granted by the trial court fell within the scope of the relief requested in DSI's petition.

In short, this Court's instructions on remand clearly allowed for the entry of judgment in favor of DSI on its claims for indemnity and/or specific performance, and the record before this Court does not establish that the trial court deviated from or acted contrary to this Court's instructions. Points denied.

In their final point on appeal, Appellants assert that the trial court erred in including in its judgment attorney's fees incurred by DSI in bringing the original appeal because DSI did not file a Rule XXIX[2] motion for such fees with this Court prior to submission of that appeal and because our opinion did not specifically award such fees. In bringing this point, Appellants fail to even establish that the trial court awarded any attorney's fees for appellate work, let alone that it erroneously did so.

The judgment in this case simply awarded DSI $144,000.00 "for attorneys' fees and costs." Thus, it is not readily apparent from the judgment that any of that award was for appellate attorney's fees as opposed to those incurred trying the case at the circuit court level.

Appellants fail to cite to anything in the record establishing that the attorney's fees awarded by the trial court included any amount for work done on appeal. Furthermore, Appellants fail to indicate in their point relied on or the argument in support thereof how much of the award they believe to have been for attorney's fees on appeal

---

[2] Rule XXIX of the Special Rules of the Western District Court of Appeals provides that "[a]ny party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this Court has jurisdiction to consider, must file a separate written motion before submission of the case."

8

or to provide an explanation of the basis for their belief that appellate attorney's fees were included in the award.

Having failed to establish that the trial court even committed the act about which they complain, Appellants most certainly cannot establish reversible error. Point denied.

Finally, pursuant to Local Rule XXIX, Respondent has moved for an award of attorney fees and expenses incurred in this appeal. "With respect to attorney fees on appeal, a party may be allowed to recover these fees if they are based upon a written agreement that is the subject of the issues that are presented in the appeal." *Cowbell, LLC v. BORC Bldg. & Leasing Corp.*, 328 S.W.3d 399, 407 (Mo. App. W.D. 2010) (internal quotation omitted). In accordance with the indemnity agreement between the parties, Respondent is entitled to its attorney's fees and expenses on appeal. Consequently, Respondent's motion is granted.

"While we have the authority to award attorney fees on appeal, we exercise this power with caution." *Id*. at 407-08 (internal quotation omitted). "The trial court is better equipped to hear evidence and argument on the issue of attorney's fees incurred on appeal." *Baker v. Department of Mental Health*, 408 S.W.3d 228, 243 (Mo. App. W.D. 2013). We, therefore, remand the cause to the trial court for the purpose of conducting a hearing to determine and award Respondent's reasonable fees and expenses incurred in connection with this appeal.

For the foregoing reasons, the trial court's judgment is affirmed. Because Respondent's motion for attorney's fees and expenses on appeal is granted, the cause is remanded to the trial court for further proceedings related to that motion.

_____
Joseph M. Ellis, Judge

All concur.