

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | |
| v. | ) | WD78011 |
| | ) | |
| ERIA DOSS, | ) | |
| Appellant. | ) | FILED: November 1, 2016 |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE DAVID M. BYRN, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### ALOK AHUJA, CHIEF JUDGE AND CYNTHIA L. MARTIN, JUDGE

Eria Doss appeals from the circuit court's denial of his motion for judgment of acquittal for second-degree felony murder and its corresponding count of armed criminal action while his case was on remand for a new penalty phase. Because Doss's request was beyond the scope of our mandate, we affirm the denial of his motion and the entry of judgment on his convictions.

### FACTUAL AND PROCEDURAL HISTORY

In April 2009, Doss and his co-defendant Michael Gunn shot and killed Justin Budreau and Andrew Eli. Doss was subsequently convicted by a jury of two counts of second-degree felony murder, two counts of first-degree robbery, and

four counts of armed criminal action, for which the circuit court sentenced him to an aggregate total sentence of two consecutive life terms.

On direct appeal, this court found the evidence was insufficient to support Doss's convictions for first-degree robbery relating to Budreau and its corresponding armed criminal action count. *State v. Doss*, 394 S.W.3d 486, 494 (Mo. App. 2013). We reversed those convictions. This court also found prejudicial error in the admission of Doss's juvenile records during the penalty phase of the trial. *Id.* at 497. Therefore, we vacated Doss's sentences on his remaining convictions and remanded the case to the circuit court for a new penalty phase. *Id*. at 497-98.

On remand, Doss filed a motion for judgment of acquittal on the second-degree felony murder count relating to Budreau and its corresponding armed criminal action count. Doss argued that, because this court vacated his conviction for first-degree robbery relating to Budreau based on insufficient evidence, the felony murder and armed criminal action convictions based on the first-degree robbery also had to be set aside. Doss's counsel did not raise this claim on direct appeal. Nevertheless, Doss argued that the circuit court had the authority to grant his motion for judgment of acquittal based on Supreme Court Rules 30.29, 29.11, and 29.12.

The circuit court found the rules cited by Doss were inapplicable, noting that a motion for judgment of acquittal could only be filed pursuant to Rule 72 or Rule 27.07. The court observed that Doss's motion would have been untimely under

2

Rule 72, which applies only to civil cases. The court noted that Doss's motion was also untimely under Rule 27.07(c), which provides that a motion for judgment of acquittal "must be filed within fifteen days after the return of the verdict or the jury is discharged." Ultimately, the court stated that it had a "specific ruling and a specific mandate from the Court of Appeals," and that it would be overstepping its authority if it were to sustain Doss's motion for judgment of acquittal. Therefore, the court denied Doss's motion and proceeded with the new penalty phase and resentencing. Doss was sentenced to consecutive sentences of 30 years in prison for both murder counts, 10 years in prison the robbery count, and three years in prison for each of the three armed criminal action counts. Doss appeals.

## ANALYSIS

In his sole point on appeal, Doss contends the circuit court erred in denying his motion for judgment of acquittal for the second-degree felony murder count relating to Budreau and its corresponding armed criminal action count. He argues that the circuit court had the authority to grant the motion for judgment of acquittal under Rules 29.07(c) and 29.12(b). We disagree.

The scope of the circuit court's authority on remand was defined by our mandate. *Developers Sur. & Indem. Co. v. Woods of Somerset*, LLC, 455 S.W.3d 487, 492 (Mo. App. 2015). The circuit court was required to "render judgment in accord with our mandate and opinion." *Gerken v. Sherman*, 351 S.W.3d 1, 6 (Mo. App. 2011). There are two types of remands: "'(1) a general remand, which does not provide a specific direction and leaves all issues open to consideration in the

3

new trial; and (2) a remand with directions, which requires the [circuit] court to enter a judgment in conformity with the mandate.'" *Id*. (citation omitted). Thus, while "'[a] general remand leaves all issues not conclusively decided open for consideration at the new trial,'" a mandate with express instructions directing the circuit court to take a specific action or actions leaves the circuit court with "no authority to deviate from those instructions." *Developers Sur. & Indem. Co.,* 455 S.W.3d at 492 (citation omitted). "Any act by the [circuit] court that diverges from those instructions is void." *Id*.

Here, our mandate remanded the case to the circuit court for proceedings consistent with our opinion. Our opinion provided that, due to the erroneous admission of evidence at the penalty phase, Doss's sentences were vacated and the cause was remanded for a new penalty phase on his convictions of two counts of second-degree felony murder, one count of first-degree robbery, and three counts of armed criminal action. *Doss*, 394 S.W.3d at 498. This was an express instruction to the circuit court to take the specific action of conducting a new penalty phase on Doss's remaining convictions. Under our mandate, the circuit court had no authority to reconsider, let alone set aside, any of those convictions. Such actions would have been beyond the scope of our mandate and, therefore, void.[1] *Developers Sur. & Indem. Co.*, 455 S.W.3d at 492. The circuit court did

---

[1] Moreover, we note that the rules Doss cites, Rules 29.07(c) and 29.12(b), did not provide the circuit court with the authority to grant his motion for judgment of acquittal. Rule 29.07(c) states that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly." This rule merely sets forth what information is

4

not err in denying Doss's motion for judgment of acquittal. Doss's point on appeal is denied.[2]

**CONCLUSION**

The judgment is affirmed.

_____
Lisa White Hardwick, Judge

All Concur.

---

required to be included in a final judgment in a criminal case. *See, e.g.*, *State v. Paul*, 401 S.W.3d 591-92 (Mo. App. 2013). It does not allow the circuit court to enter a new judgment at any time notwithstanding other procedural rules. Likewise, Rule 29.12(b), the plain error rule, did not give the circuit court such authority, as the rule "does not provide an independent basis under which a person convicted of a crime can subsequently challenge his conviction or sentence." *State v. Lawrence*, 477 S.W.3d 170, 170 (Mo. App. 2015).

[2] Doss also argues that we, independently, should address the sufficiency of the evidence to support his second-degree felony murder conviction relating to Budreau and its corresponding armed criminal action conviction. In support of this argument, he relies on *State ex rel. Verweire v. Moore*, a case in which a defendant successfully raised a sufficiency of the evidence claim in a habeas corpus action. 211 S.W.3d 89, 91-92 (Mo. banc 2006) (*abrogated on other grounds by State v. Lammers*, 479 S.W.3d 624, 636 (Mo. banc 2016)). This is not a habeas corpus action, however. Instead, it is simply an appeal from the denial of an untimely motion for judgment of acquittal that fell outside the scope of our limited remand.