DANIEL E. SCOTT, J.
This appeal is from the setting aside of a fraudulent conveyance. We affirm.
Background[1]
Respondents ("Plaintiffs") are judgment creditors of Anna and Matt Stidham ("Defendant Parents") who deeded their farm and store real estate - substantially all of their assets - to their daughters Sarah and Lori ("Defendant Children") without consideration and with other badges of fraud.
Plaintiffs' amended petition against Defendants alleged that said transfer was made to defraud Plaintiffs and hinder or delay collection of money owed, then prayed for relief as follows:
WHEREFORE, Plaintiffs demand:
(a) Judgment against [Defendant Parents] for damages and interest;
(b) That the aforesaid conveyance from [Defendant Parents] to [Defendant Children] be declared void and the judgment herein and any judgment in the discovery of assets cases be declared a lien on said premises;
(c) Such other damages as permitted by law, with lawful interest and costs.
Eight years later, after two Lambur appeals and Defendant Parents' bankruptcy filing, a jury-trial date approached in this fraudulent-conveyance action. Before trial, each party filed its proposed jury instructions, all indicating that no damage claims would be submitted to the jury.
With potential jurors summonsed and present at the courthouse on the morning of trial, the court announced this during pre-trial matters:
The Court, over the weekend, after having a pretrial conference on Friday and having an informal conference on jury instructions, over the weekend has looked at the issue of whether or not a jury trial is required or permissible in the case as pled. The case is pled as a statutory fraudulent conveyance case, asking for the - a conveyance to be set aside under the allegations that the conveyance was for the purpose of hindering or -- the wording of the statute -- delaying--
[PLAINTIFF'S COUNSEL]: Defrauding creditors.
THE COURT: -- to defraud creditors, actual intent to do so. The Court has discussed the matter this morning off *529 the record with counsel, and the Court is inclined at this time to dismiss the jury and proceed to have the matter tried strictly to the Court.
Plaintiffs' counsel asked to have a jury decide just one fact issue (fraudulent intent) "leaving the actual setting aside of the conveyance to the Court as an equitable remedy after that factual issue is determined by the jury." Defendant Parents' attorney said he was not "in a position to waive my clients' right to a jury trial, if one exists, at this point." Defendant Children's counsel likewise was not "prepared to waive my clients' right to a jury, if that indeed exists."
The court then finalized its ruling:
THE COURT: All right. At this time, having heard the argument of counsel as it exists and having considered the matter and the law as it exists today, the Court is discharging the jury. The case will be tried to the Court, the Court finding that it is a statutory action which is equitable in nature. And as with cases in equity, there are findings of fact that must be determined, however, the Court will do so.
The court proceeded to excuse the jury panel, conduct a bench trial, find a fraudulent transfer by clear and convincing evidence, and set aside the deed and conveyance in question. No damages or interest were sought or awarded.
Defendants appeal, raising two points which we take in reverse order.
Point 2 - Joint Money Judgment
Defendants claim error in setting aside the deed because it conveyed entireties property and Plaintiffs, to quote Point 2, "did not have a joint [money] Judgment" against Defendant Parents.
Defendants acknowledge that Plaintiffs have a money judgment stating that Defendant Parents are "jointly and severally liable to Plaintiffs for the principal sum of the Judgment up to $78,000.00" (our emphasis), but claim that liability isn't really joint and several. Such arguments come too late. "Generally, a judgment must be challenged via direct appeal and not by a collateral attack." Interest of K.R.T. , 505 S.W.3d 864, 868 (Mo. App. 2016). "If a judgment was rendered by a court having both subject-matter jurisdiction and personal jurisdiction, the judgment is not open to a collateral attack as to the judgment's validity or the conclusiveness of the matters adjudicated therein." Id . Point 2 fails.
Point 1 - Jury Trial
Defendants also claim the trial court erred in denying them a jury trial because Plaintiffs' amended petition prayed for both damages and equitable relief.
As an initial matter, we are skeptical that Defendants preserved this claim of error for appellate review:
Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court. This is so by court rule, statute, and controlling case law. As provided by Rule 78.09, the trial court must be given the opportunity to rule on a question. This prerequisite is intended to avoid error by granting the trial court an opportunity to intelligently rule on the question while avoiding the expense, delay, and hardship of an appeal and retrial. Compliance is particularly essential for procedural claims that the trial court could have remedied if given the chance and likewise for constitutional claims, which are waived if not raised at the earliest opportunity.
*530 Interest of I.K.H. , No. SD35232, --- S.W.3d ----, ----, slip op. at 4-5, 2018 WL 4062293 (Mo. App. Aug. 27, 2018) (citations and quotation marks omitted). Further, with exceptions inapplicable here, "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." RSMo § 512.160.1.
In the trial court, Defendants did not contend they were entitled to a jury or raise any of their current arguments. They declined to waive their right to a jury trial "if one exists" or "if that indeed exists" without suggesting, let alone asserting, how or why they might have that right. Further, Defendants never objected to the court's procedure before or during the bench trial or by post-trial motion. Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor " (our emphasis) or waive appellate review of the alleged error. See also Brown v. Brown , 423 S.W.3d 784, 787 (Mo. banc 2014).
Even if we treat Point 1 as preserved, it fails. To summarize Defendants' argument with reference to accepted principles:
• "The right to trial by jury exists in actions at law but not in actions in equity." State ex rel. Diehl v. O'Malley , 95 S.W.3d 82, 85 (Mo. banc 2003).
• "Whether the action is equitable or at law is determined by reference to the pleadings." Id . at 92. A civil claimant who pleads for damages triggers a right to jury trial on such claim(s). Id .
• Trials involving requests for damages and equitable relief usually "should be conducted to allow claims at law to be tried to a jury, with the court reserving for its own determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury." State ex rel. Leonardi v. Sherry , 137 S.W.3d 462, 473 (Mo. banc 2004).
• Plaintiffs' petition prayed for damages and equitable relief, so "the parties had a right to have the issues related to [Plaintiffs'] claim for damages determined by a jury" (quoting Defendants, our emphasis).
We would agree with Defendants had Plaintiffs not abandoned their damage claim, as apparently forced by Defendant Parents' bankruptcy filing.[2] Defendants cite Diehl and insist that pleadings always and alone dictate the right to jury trial. This case shows why that cannot be an ironclad rule.[3]
Finally, even under Defendants' stilted reading of Diehl , we could not find prejudice.
*531 The only claim that the court tried, and that any party attempted to try, was one seeking equitable relief. "Missouri's constitutional guarantee to a jury trial has never been applied to claims seeking equitable relief." Leonardi , 137 S.W.3d at 472 (citing Diehl , 95 S.W.3d at 85 ). Having no right to a jury, Defendants suffered no prejudice in having a bench trial. Point denied. Judgment affirmed.
JEFFREY W. BATES, J. - CONCURS
MARY W. SHEFFIELD, J. - CONCURS

We summarize relevant background most favorably to the judgment, Ortmann v. Dace Homes, Inc. , 86 S.W.3d 86, 88 (Mo. App. 2002), with particular focus on the issues in this appeal. Additional background can be found in our related opinions, Estate of Lambur , 317 S.W.3d 616 (Mo. App. 2010), and 397 S.W.3d 54 (Mo. App. 2013).

Plaintiffs never sought damages from Defendant Children. When Defendant Parents filed bankruptcy, it automatically and broadly stayed any collection case against them or any other act to collect or recover a prepetition claim. 11 U.S.C. § 362(a) ; 1A Mo. Prac., Transaction Guide § 26.14 (4th ed., Dec. 2017 update)("Transaction Guide"). The appellate record also indicates that a bankruptcy discharge was granted, which would forever bar any acts to collect or recover discharged debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2) (our emphasis); Transaction Guide § 26.34. However, despite any personal-liability discharge of Defendant Parents, the bankruptcy court ordered that Plaintiffs could pursue their instant claims "concerning real estate."

Plaintiffs' prayer for and recovery of court costs does not change our analysis. See Deutsche Bank Nat'l Tr. Co. v. Pyle , 518 S.W.3d 805, 817-18 (Mo. App. 2017).