

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| REPUBLIC FINANCE, LLC, | ) | No. ED112283 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-AC05560-01 |
| | ) | |
| QUINTIN RAY, | ) | Honorable Matthew H. Hearne |
| | ) | |
| Appellant. | ) | Filed: September 24, 2024 |

### Introduction

Quintin Ray ("Ray") appeals from the judgment entered in favor of Republic Finance, LLC ("Republic") following a bench trial. On appeal, Ray argues the trial court erred by not allowing him to conduct discovery and by violating his due process rights. Because Ray's brief does not meet the requirements of Rule 84.04, we dismiss this appeal.[1]

### Facts

Ray entered into a consumer installment loan with Republic. The loan was for $2,235.92, and Ray agreed to repay Republic in 23 payments of $125. Ray made some payments, but then stopped making the requisite payments. After Ray failed to make payments on the loan, Republic

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

1

filed a lawsuit for breach of contract against Ray to recover the loan balance. When Ray failed to appear, the court entered a default judgment against him. Ray filed a motion to set aside the default judgment. The court held a hearing and set aside the default judgment.

The case proceeded to a bench trial, at which Ray represented himself. Following trial, the trial court entered judgment for Republic and against Ray in the amount of $3,095.94, which included the loan principal, attorney fees, court costs, and interest. Ray filed a post-trial motion alleging he did not have sufficient time to find counsel and was compelled to represent himself. Additionally, Ray argued that Republic, not Ray, breached the contract. The trial court denied Ray's post-trial motion.

Ray now appeals.

## Discussion

Ray seeks to raise two points on appeal. In his first point, Ray argues the trial court erred because the trial court denied him the opportunity to conduct discovery under Rule 56.01 and that the trial court should have scheduled a pretrial conference to discuss discovery. In his second point, Ray argues the trial court violated his due process rights.

### Briefing Deficiencies Require Dismissal of the Appeal

Rule 84.04 sets forth the requirements for all briefs filed in Missouri's appellate courts. These requirements are mandatory. *Hutcheson v. Dep't of Social Servs.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022). *Pro se* parties are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Id.* (quoting *Indelicato v. McBride & Son Mgmt. Co., LLC*, 646 S.W.3d 305, 307 (Mo. App. E.D. 2022)). "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." *Id.* at 41 (quoting *Freeland v. Div. of*

2

*Emp. Sec.*, 647 S.W.3d 22, 26 (Mo. App. W.D. 2022)). "Although we prefer to address the merits of an appeal where minor shortcomings in the briefing do not impair our ability to understand the arguments, '[d]eficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf.'" *Id.* (quoting *Freeland*, 647 S.W.3d at 26). "For these reasons, failure to adhere to Rule 84.04 results in unpreserved allegations of error and warrants dismissal of the appeal." *Hutcheson*, 656 S.W.3d at 41.

Ray's brief contains multiple violations of Rule 84.04 requiring dismissal of the appeal.

<u>Insufficient Statement of Facts and Record on Appeal</u>

First, Rule 84.04(c) requires all statements of fact to "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c).

The facts section of Ray's brief contains no citations to the record on appeal. *See Jackson v. Sykes*, 686 S.W.3d 393, 396 (Mo. App. E.D. 2024) (quoting *Adams v. Div. of Emp. Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015)) ("Citations for each factual statement are mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record."). "Failure to conform the statement of facts to the requirements of Rule 84.04(c) constitutes grounds for dismissal." *Jackson*, 686 S.W.3d at 396 (quoting *McNeese v. Wheeler*, 677 S.W.3d 907, 910-11 (Mo. App. W.D. 2023)).

Worse, we have not been provided with any transcript of the bench trial or any other relevant legal proceedings, rendering any meaningful review of the facts of this case impossible. *See* Rule 81.12(a)-(c) (requiring appellant to supply the record on appeal, including the legal file and transcript); *see also Devs. Sur. & Indem. Co. v. Woods of Somerset, LLC,* 455 S.W.3d 487,

493 (Mo. App. W.D. 2015) (quoting *Belden v. Belden*, 389 S.W.3d 717, 720 n.3 (Mo. App. S.D. 2012)) (stating appellant bears "the burden of supplying the appellate court with the record on appeal, and that record should contain 'all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision'").

<u>Insufficient Points Relied On</u>

Second, pursuant to Rule 84.04(d), a point relied on must: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d). "The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'" *Id.* (bracketed text in original).

In his first point relied on, Ray argues "the court erred by not allowing the Appellant his right to Discovery a right that the court should have granted, The Constitution allows for this right because discovery is an important part of the civil litigation process for it is the formal process by which the parties to a case in court exchange information about the case." This point relied on fails to meet all three requirements of Rule 84.04(d).

The point does not identify the specific trial court action that is error. *See Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 575 (Mo. App. E.D. 2013) (finding a violation of Rule 84.04(d) when the appellant does not identify precisely what action is being challenged). The point also does not concisely state the legal reason that supports Ray's claim of reversible error. Ray's point

4

merely references *Brady v. Maryland*, 373 U.S. 83 (1963), which is inapplicable to this case. Nor does Ray's point relied on explain in summary fashion why the legal reasons support the claim of reversible error.

In his second point, Ray argues "the court also erred in not allowing or asserting Appellant his right to Due Process which was and is the right of an individual in a civil proceeding and a right that was not given to the Appellant." Again, Ray's point fails to satisfy all three requirements of Rule 84.04(d).

Also, Rule 84.04(d)(5) requires, "Immediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Ray's points relied on are not followed by any legal authority and preserve nothing for this Court's review. *Carruthers v. Serenity Mem'l Funeral & Cremation Serv., LLC*, 576 S.W.3d 301, 305 (Mo. App. E.D. 2019).

The deficiencies in Ray's points relied on are grounds for dismissal of the appeal. *Hutcheson*, 656 S.W.3d at 43.

Insufficient Argument Section

Third, under Rule 84.04(e), "[t]he argument shall substantially follow the order of 'Points Relied On.' The point relied on shall be restated at the beginning of the section of the argument discussing that point." Rule 84.04(e). Ray failed to adhere to this rule when he combined the arguments for both points in his argument section. *See Barbero v. Wilhoit Properties, Inc.*, 637 S.W.3d 590, 594 (Mo. App. E.D. 2021).

Also, Rule 84.13(a) states that "allegations of error not briefed or properly briefed shall not be considered in any civil appeal." Rule 84.13(a); *Barbero*, 637 S.W.3d at 595. "To be properly

briefed, an appellant must develop in the argument section of the brief the claim of error raised in the point relied on." *Barbero*, 637 S.W.3d at 595. "Failure to cite relevant authority that supports the point on appeal, or to explain the lack of citations to authority, preserves nothing for review." *Id.* "When a party fails to support allegations with relevant legal authority or argument beyond conclusory statements, we deem the point abandoned." *Id.*

Here, Ray cites a single case and a single court rule to support his argument for both points. Those citations are insufficient to develop the claims of error. *Id.* This lack of relevant legal authority and lack of citations to the record render Ray's two points abandoned. *Id*; Rule 84.13(a).

Further, "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Rule 84.04(e). Ray's argument section does not contain a preservation statement or a standard of review for either claimed error, requiring dismissal of the appeal. *Townsend v. Div. of Emp. Sec.*, 654 S.W.3d 424, 428 (Mo. App. E.D. 2022).

**Conclusion**

In some circumstances, this Court has discretion "to review a brief that has deficiencies under Rule 84.04 when its argument is readily understandable, 'notwithstanding minor shortcomings' in complying with the rules of appellate procedure, [but] 'when the deficiencies affect our ability to understand and adequately address the claims of error, the brief preserves nothing for review.'" *Id.* (quoting *Murphree v. Lakeshore Est., LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021)) (emphasis removed). Here, the briefing deficiencies under Rule 84.04 affect our ability to understand and adequately address the claims of error, and we must dismiss the appeal. *See Hutcheson*, 656 S.W.3d at 44.

The appeal is dismissed.

_____
Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.